# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-0572V

|  |  |
|---|---|
| H.C.,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: May 23, 2024 |

*Nicholas Paul Provenzo, Provenzo Law PLLC, Alexandria, VA, for Petitioner.*

*Lauren Kells, U.S. Department of Justice, Washington, DC, for Respondent.*

## ORDER GRANTING MOTION TO REDACT[1]

On January 11, 2021, H.C. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[1] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza vaccine received on October 24, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 10, 2024, I issued a ruling on entitlement, finding that Petitioner was entitled to compensation for SIRVA (ECF No. 56). On April 22, 2024, Petitioner filed a

---

[1] Because this Order contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Order will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[1] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

timely motion to redact the April 10th entitlement ruling (ECF No. 58). On April 25, 2024, I directed Petitioner to supplement the redaction motion, which she did on May 8, 2024 (ECF Nos. 60, 61) ("Supp."). On May 22, 2024, Respondent responded (ECF No. 63) ("Resp.").

Petitioner asserts that she is a registered nurse who supports vaccination in her work. Supp. at *2. She seeks to redact her name from the case caption and replace it with her initials to protect her privacy and her professional reputation. *Id*. Petitioner argues that disclosing her vaccine-related medical history publicly could jeopardize her career and increase vaccine skepticism among her patients, undermining her credibility, damaging professional relationships, and diminishing her effectiveness as a healthcare provider. *Id*. Petitioner also seeks to redact the name of her adult daughter and replace it with her initials, because the ruling discussed her daughter's vaccination details, which do not serve any public interest and are not relevant to the disposition of the claim. *Id*. at *2-3.

Respondent states that there is a "significant Program interest in not having every case caption reduced to initials." Resp. at *5. In Respondent's view, this would "make the administration of the Program unmanageable because the parties and court rely on citing precedent that is readily accessible and suitably differentiated from other cases in briefing and arguments." *Id*. However, Respondent ultimately defers to my judgment as to which remedy strikes the appropriate balance between public and private interests in this instance. *Id*.

I have previously discussed in other decisions the Vaccine Act's treatment of requests to redact Program decisions and rulings. *See generally K.L. v. Sec'y of Health & Human Servs.*, No. 12-0312V, 2015 WL 11387761, at *2-4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*,123 Fed. Cl. 497 (2015) (denying a request to redact petitioner's name and description of illnesses). Generally, information provided in vaccine proceedings may not be disclosed without the written consent of the party providing the information. Section 12(d)(4)(A); Vaccine Rule 18(a). However, the Act requires disclosure of the decisions of the special masters or the Court, and thus later allows (once a claim has been decided) the disclosure of information previously not permitted to be shared with the public. Otherwise, the Act provides for redaction of certain categories of information – "medical files and similar files" – *only* if the disclosure of such information "would constitute a clearly unwarranted invasion of privacy." Section 12(d)(4)(B); *accord* Vaccine Rule 18(b).

Some levels of redaction are explicitly recognized as reasonable in the context of Program cases. In particular, the Vaccine Rules allow the initials of a minor to be used in

the petition's caption when filed. Vaccine Rule 16(b). By contrast, adult petitioners' names are not afforded automatic protection. Instead, adult claimants must affirmatively establish a basis for redaction. Thus, the Act assumes (consistent with the approach in most federal litigation) that an adult claimant's name *will* be disclosed in the context of publication of a Vaccine Program decision.

Program case law has not established a consistent "rule" for how redaction requests should be analyzed and treated. *Compare W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440, 460-61 (Fed. Cl. 2011) *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013) (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision) *with Langland v. Sec'y of Health & Human Servs.*, No. 07-0036V, 2011 WL 802695, at *7-8 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013) (petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing). *Langland* adopts a more stringent approach, while *W.C.* emphasizes a balancing test that weighs a petitioner's privacy interests against "the public purpose of the Vaccine Act." *W.C.*,100 Fed. Cl. at 460-61; *K.L.*, 2015 WL 11387761, at *2-3.

In either case, however, a petitioner needs to make *some* showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call. *W.C.*, 100 Fed. Cl. at 460 (balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis added). I have permitted redaction in cases where such a specialized showing was made without reconciling these two competing standards or choosing one over the other. *See, e.g.*, *K.L. v. Sec'y of Health & Human Servs.*, No. 12-0312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting petitioner's second request to redact only her name to initials which was accompanied by additional information regarding the potential harm she may suffer regarding her employment).

A petitioner's general concern for privacy (akin to what many vaccine case petitioners might possess as well) is not by itself a sufficient reason for redaction, especially when there is a strong public interest in disclosure of the reasoning behind a Vaccine Program decision. *See W.C.*, 100 Fed. Cl. at 461. In this case, however, Petitioner has presented a compelling justification for redaction, based on demonstrated professional concerns. And this determination (like many other SIRVA cases) does not raise the sort of significant issues that would favor public disclosure. Additionally, there is little to no public interest served in including the name of Petitioner's daughter, and thus redaction of her name as well is warranted.

3

## Conclusion

Accordingly, for the reasons set forth above, Petitioner's motion to redact (ECF No. 58) is <u>GRANTED</u>. The Clerk is hereby instructed to amend the caption to the caption reflected in this Order.

A redacted version of the April 10, 2024 Ruling shall be entered onto the docket for public accessibility.

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master