# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0572V

| | |
|---|---|
| H.C., <br><br>                Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>                Respondent. | Chief Special Master Corcoran <br><br> Filed: June 24, 2024 |

*Nicholas Paul Provenzo*, Provenzo Law PLLC, Alexandria, VA, for Petitioner.

*Lauren Kells*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On January 11, 2021, H.C. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza ("flu") vaccine received on October 24, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 10, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On June 24, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $51,168.60. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $51,168,60 (comprised of $50,500.00 in pain and suffering and past unreimbursable expenses of $668.60) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| H.C., | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 21-572V |
| v. | ) Chief Special Master Corcoran |
| | ) ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) |
| | ) |
| Respondent. | ) |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On January 11, 2021, Haley C. Cardwell ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine she received on October 24, 2019. Petition at 1. On September 2, 2022, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report recommending that the Court dismiss the petition. Thereafter, the Court ordered the parties to submit briefs regarding entitlement, and on April 10, 2024, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation for her SIRVA.[1] ECF No. 52 (Petitioner's Motion for a Ruling on the Record); ECF No. 54 (Respondent's Response to Petitioner's Motion for a Ruling on the Record); ECF 56 (Ruling on Entitlement).

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's April 10, 2024, entitlement ruling.

I.   **Items of Compensation**

    A.   <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $50,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

    B.   <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents the expenditure of past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $668.60.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II.   **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]:  a lump sum payment of $51,168.60, in the form of a check payable to petitioner.

III.   **Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Haley C. Cardwell:  **$51,168.60**

                        Respectfully submitted,

                        BRIAN M. BOYNTON
                        Principal Deputy Assistant Attorney General

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

                                        C. SALVATORE D'ALESSIO
                                        Director
                                        Torts Branch, Civil Division

                                        HEATHER L. PEARLMAN
                                        Deputy Director
                                        Torts Branch, Civil Division

                                        COLLEEN C. HARTLEY
                                        Assistant Director
                                        Torts Branch, Civil Division

                                        _/s/ Lauren Kells_
                                        LAUREN KELLS
                                        Trial Attorney
                                        Torts Branch, Civil Division
                                        U.S. Department of Justice
                                        P.O. Box 146
                                        Benjamin Franklin Station
                                        Washington, D.C. 20044-0146
                                        Tel: (202) 616-4187
                                        Email: lauren.kells@usdoj.gov

DATED:  June 24, 2024