# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-0572V

|  |  |
|---|---|
| H.C.,<br><br>             Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>             Respondent. | Chief Special Master Corcoran<br><br>Filed: January 21, 2026 |

*Nicholas Paul Provenzo, Provenzo Law PLLC, Alexandria, VA, for Petitioner.*

*Lauren Kells, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 11, 2021, H.C. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration resulting from an influenza vaccine received on October 24, 2019. Petition, ECF No. 1. On June 24, 2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 67.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $31,089.00 (representing $30,664.30 in fees plus $424.70 in costs). Application for Attorneys' Fees and Costs ("Motion") filed July 1, 2025, ECF No. 76. Furthermore, counsel represents that Petitioner incurred no personal out-of-pocket expenses, as costs were paid directly by counsel on behalf of Petitioner. ECF No. 76 at 8.

Respondent reacted to the fees motion on July 15, 2025, reporting that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 77 at 2-4. Petitioner did not file a reply thereafter.

## TIMELINESS OF MOTION

Vaccine Rule 13 provides that a request for fees and costs must be filed no later than 180 days after judgment is entered. And requests for extension of this time period must be filed before that deadline expires. RCFC, Vaccine Rule 13(a). In this case, however, the fees request is facially untimely. Judgment was entered on July 8, 2024, making Petitioner's motion and/or any request for extension of time due by January 6, 2025. But counsel filed his motion for extension of time on January 21, 2025.

Given that this is counsel's first Vaccine Act case to reach the fees stage, I will overlook the dilatory nature of the request, and allow an award of reasonable attorney's fees and costs in this matter. A fees award is appropriate since the case was resolved in the Petitioner's favor. But counsel should not expect the same leniency for future fees requests. Untimely requests will be denied or result in a curtailed award.

### Fees and Costs to be Awarded

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience

and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

### A. Hourly Rates

Petitioner requests that I apply the following hourly rates for work performed by his attorney, Nicholas Provenzo: $253.00 for 2020; $266.00 for 2021; $366.00 for 2022; $386.00 for 2023; $407.00 for 2024; and $438.00 for 2025. She also seeks paralegal rates as follows: $163.00 for 2020; $172.00 for 2021; $177.00 for 2022; $186.00 for 2023; $197.00 for 2024; and $212.00 for 2025. I find the paralegal rates to be reasonable and shall be awarded. The hourly rates proposed by attorney Provenzo, however, require adjustment.

Mr. Provenzo reports that he was admitted to the Virginia Bar as of 2017, and was admitted to this Court that same year (ECF No. 76 at 4), placing him in the category of attorneys with less than four years of experience for work performed in 2020. For subsequent years he falls in the category of attorneys with four to eight years' experience as set forth in the OSM Attorneys' Fee Schedules.[3]

Although Mr. Provenzo's proposed rates are within the appropriate experience ranges based on these schedules, they fall on the highest end of the ranges despite his lack of experience handling Vaccine Program matters. And experience representing

---

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

Petitioners in the Program is highly relevant to determine a reasonable hourly rate and this appears to be Mr. Provenzo's first case to reach the fees stage. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

It would therefore be improper to award Mr. Provenzo rates on the highest end of the Fee schedules for years 2020, and 2022-25, when those rates are reserved for attorneys with significant experience representing Petitioners in the Program. Accordingly, and based on the foregoing, **I hereby award Mr. Provenzo the following rates: $225.00 for 2020; $266.00 for 2021; $300.00 for 2022; $331.00 for 2023; $363.00 for 2024; and $424.00 for 2025.** Application of the foregoing reduces the amount of fees to be awarded herein by **$3,571.20.**[4]

## B. Duplicate Charges

A detailed review of the attorney time invoices reveals several duplicative billing entries by attorney Provenzo in this matter. It appears that many of these entries reflect communications between Counsel and Petitioner, showing the exact same description and amounts billed. While I am not herein applying a reduction to any of the billing entries reflecting such communications, Counsel should note that redundant, duplicate and excessive billing entries are not eligible for reimbursement in the Vaccine Program. To avoid a curtailed award in future cases, Counsel must ensure to differentiate communications so as to not include such duplicate entries.[5] Special Masters have

---

[4] This amount is calculated as: ($253.00 - $225.00 = $28.00 x 11.60 hrs. billed in 2020) + ($366.00 - $300.00 = $66.00 x 27.80 hrs. billed in 2022) + ($386.00 - $331.00 = $55.00 x 12.00 hrs. billed in 2023) + ($407.00 - $363.00 = $44.00 x 17.00 hrs. billed in 2024) + ($438.00 - $424.00 = $4.00 x 0.90 hrs. billed in 2025) = $3,571.20.

[5] I have identified the following billing entries that appear duplicative in nature: 5/18/21 (two duplicate entries): "Advised client on procedural timeline based on court backlog (0.10 billed per line entry)." 7/1/21 (two duplicate entries): "Drafted and sent email advising client on case-specific procedural requirements (0.50 hours combined)." 7/9/21 (two duplicate entries): "Drafted and sent email advising client on case-specific procedural requirements (0.20 billed per line entry)." ECF No. 76-2 at 7. See also 8/24/21 (three duplicate entries): "Drafted and sent email advising client on case-specific procedural requirements; answered client inquiry regarding timeline and next procedural step under Vaccine Program rules." 8/25/21 (four duplicate entries reflecting the same description previously noted for a combined total of 0.90 hours) *Id.* at 8-9. And 8/27/21 (five duplicate entries reflecting the same description noted above for a combined total of 0.70 hours). *Id.* at 10. And 9/10/21 (two duplicate entries, same description noted above, combined total of 0.60 hours); 11/16/21 (three duplicate entries, same description noted above); 3/26/22 (two duplicate entries, same description noted above, combined total of 0.60 hours); 4/21/22 (two duplicate

previously reduced attorney fees awarded due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

### C. Briefing Hours

I also note this case required additional briefing regarding the issue of severity and entitlement. Petitioner filed a Motion for Ruling on the Record on April 17, 2023, at ECF No. 52. Petitioner's counsel billed 2.50 hours to draft the Motion and 0.60 hours to review Respondent's response. Petitioner's counsel did not bill additional time to draft and file his reply. ECF No. 76-2 at 29. I find the amount of time expended on briefing in this matter to be reasonable and shall be awarded.

### D. Litigation Costs

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 76-3. Respondent offered no objection to the costs claimed. I find the requested costs reasonable and hereby award them in full.

### CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **I award a total of $27,517.80 (representing $27,093.10 in fees plus $424.70 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

---

entries); 5/19/22 (two duplicate entries); 10/24/22 (three duplicate entries) *Id.* 11-23. See also, 1/10/23 (two duplicate entries); 3/13/23 (two duplicate entries); 6/2/23 (two duplicate entries). ECF No. 76-2. This is not a comprehensive list of all duplicate entries that appear in the records.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master